
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

JAMES PRESTON PASCHALL

Debtor.                                    Case No. 7-17-12010-TL

## STIPULATED ORDER GRANTING NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER LOCATED AT 308 SUNLAND DR CLOVIS, NEW MEXICO 88101

This matter came before the Court on the Motion for Relief from Automatic Stay for the

Abandonment of Property to Nationstar Mortgage LLC D/B/A Mr. Cooper, filed on September

26, 2017, (DOC 10) (the "Motion") by Nationstar Mortgage LLC D/B/A Mr. Cooper

("Nationstar"), and the Debtor's Answers to Motion for Relief (the "Objection") filed on October

21, 2017 (DOC 13). The Court, having reviewed the record, the Motion, the Objection and being

otherwise sufficiently informed, FINDS:

a. On September 26, 2017, Nationstar served the Motion and a notice of the Motion (the "Notice") on J. Preston Paschall, Attorney for Debtor and Clarke C. Coll, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor James Preston Paschall, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

b. The Motion relates to the property located at 308 Sunland Dr Clovis, New Mexico 88101, more fully described as:

> LOT TWENTY-ONE (21) IN BLOCK ELEVEN (11) OF THE ALTA VISTA ADDITION, UNIT NO. 3, TO THE CITY OF CLOVIS, CURRY COUNTY, NEW MEXICO, as shown by the official recorded plat thereof.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

c. The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

d. The Notice was sufficient in form and content;

e. The objection deadline expired on October 20, 2017;

f. On October 21, 2017 the Debtor filed an Objection to the Motion;

g. On December 11 2017, a Preliminary Hearing on the Motion was held before the Honorable David T. Thuma.

h. As of February 13, 2018, neither the Trustee nor any other party in interest has filed an objection to the Motion;

i.     The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered Nationstar's Motion, now enter this Order granting relief and providing for the abandonment of property.

IT IS THEREFORE ORDERED:

1.     Pursuant to 11 U.S.C. §362(d), Nationstar and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a)     To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b)     To exercise any other right or remedy available to it under law or equity with respect to the Property.

2.     The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate.  As a result, Nationstar need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3.     The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered.  The Debtor can be named as a defendant in litigation to obtain judgment or to repossess

the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4.      This Order does not waive Nationstar's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property.  Nationstar may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5.      The Final Hearing on the motion set for February 26, 2018 is vacated.

6.      This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7.      This order is effective and enforceable upon entry.  The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7.      Nationstar is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/Andrew P. Yarrington*
    Andrew Yarrington
    Attorneys for Nationstar
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Andrew.Yarrington@roselbrand.com

APPROVED BY:

LAW OFFICE OF J. PRESTON PASCHALL

By: *Approved via telephone on 2/13/18*
    J. Preston Paschall
    Attorney for Debtor
    1690 North Maint St
    Las Cruces, NM 88001
    Telephone: 575-523-0024
    p.doglaw@gmail.com

COPY TO:

James Preston Paschall,
Debtor
1690 N. Main St.
Las Cruces, NM 88001

Clarke C. Coll,
Chapter 7 Trustee
PO Box 2288
Roswell, NM 88202-2288
clarkecoll@gmail.com